[Cite as *State v. Williams*, 2026-Ohio-2809.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 0113 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2022 CR 0598 N |
| DEVALL WILLIAMS, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 21, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** JODIE M. SCHUMACHER, Prosecuting Attorney, MICHELLE FINK, Assistant Prosecuting Attorney, for Plaintiff-Appellee; RANDALL E. FRY, for Defendant-Appellant.

*Baldwin, J.*

**{¶1}** Appellant DeVall Williams appeals the trial court's jail time credit calculation ordered as part of the sentence the court imposed following the appellant's plea of guilty to six community control violations. Appellee is the State of Ohio. For the reasons that follow, we affirm the decision of the trial court.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** The appellant was indicted on October 6, 2022, on the following: Count One, Having a Weapon While Under Disability with a firearm specification and a weapon forfeiture specification; and Count Two, Improperly Handling Firearms In a Motor Vehicle

with a firearm specification and a weapon forfeiture specification. The appellant ultimately pleaded guilty to Count Two, and the appellee dismissed Count One.

{¶3} The appellant was sentenced on January 9, 2023, to 36 months of Community Control subject to the following conditions and sanctions: set up an installment payment plan for all court-ordered financial obligations, including a monthly supervision fee of $25.00 and payments for monitoring, testing, and treatment and counseling expenses; legally establish and pay/collect child support for all children; seek and maintain full-time employment/schooling, and perform 200 hours of community service if unemployed 45 days; successfully complete intensive supervision; submit to random drug/alcohol testing to confirm abstinence, and stay out of high drug traffic areas; have no contact with others on probation; and, complete a substance abuse and/or mental health assessment and follow all treatment recommendations.

{¶4} On December 12, 2023, the trial court issued an Order for Sanction, stating "[i]n response to your admitted violation, [o]n 12/03/23 [the appellant] was pulled over in Richland County. He is supposed to be residing in Franklin County. [The appellant] has been in [Richland County] multiple times without permission. MPD FLOCK system shows subject in Richland County without PO permission on numerous dates." The trial court ordered the appellant be placed on electronic monitoring; said monitoring was later removed.

{¶5} On June 14, 2024, a bench warrant was issued for the appellant's arrest which stated, "[appellant] has violated terms of probation per Probation Officer." The trial court issued a Judgment Entry on February 18, 2025, stating that the appellant was incarcerated on a new felony offense out of another county, and ordering that his probation period be temporarily tolled as of June 14, 2024.

{¶6} On November 4, 2025, the trial court issued a Notice of Hearing – Probation Violation scheduling a hearing on November 24, 2025, regarding why the appellant's probation should not be revoked for the following alleged violations:

1. The appellant was convicted in Marion County on the following new felony offenses: Tampering with Evidence, a felony of the third degree, and two counts of Trafficking Cocaine, both felonies of the third degree. He was sentenced to 36 months in prison;

2. The appellant was arrested on June 14, 2024, in Marion County and found to have cocaine in his possession;

3. The appellant was in Marion County on June 14, 2024, past the listed curfew;

4. The appellant led law enforcement officers on a foot chase in an effort to elude arrest on June 14, 2024;

5. The appellant failed to secure permission of his supervising officer before leaving his county of residence, which was Franklin County, when he was arrested on June 14, 2024, in Marion County; and,

6. The appellant was located at a known drug house in Marion County on June 14, 2024, with another person on probation.

The appellant pleaded not guilty to said community control violations at his November 24, 2025, arraignment, and requested a full hearing. The trial court scheduled the matter for full hearing on November 26, 2025.

{¶7} The matter proceeded on November 26, 2025, at which time the appellant, through counsel, expressed a desire to plead guilty to the community control violations. The trial court engaged in the requisite Crim.R. 11 colloquy and accepted the appellant's pleas of

guilty to all six violations. The court reviewed the appellant's criminal history, which dated back to 2011 and included numerous drug and weapons charges. The court sentenced the appellant to 12 months in prison, and ordered that it be served consecutive to his current time on the Marion County matter. The court found "that the aggregate term of the sentence imposed remain consecutive because consecutive sentences are necessary to protect the public from future crime or to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and because the offender committed one or more of the offenses while awaiting trial or sentencing or while under community control sanction or while on PRC for a prior offense." The only reference to "time served" during the hearing was as follows:

> BY THE COURT: How much time has [the appellant] done on our case, has he done much?
>
> PO SAMS: I don't have the exact number of any. The time was tolled when he was arrested in Marion, so when he started on our case it would have been prior. That is my understanding.

No further discussions regarding "prior time served" or jail time credit were had during the hearing, nor were any documents filed with the trial court regarding the issue.

{¶8} The trial court issued a Community Control Violation Journal Entry on December 1, 2025, memorializing the determinations and sentence it imposed during the hearing, which included a jail time credit of seven days. The trial court also issued a separate Order for Jail Time Credit on December 1, 2025, which stated:

The court hereby orders that this defendant is credited with 7 days of jail time toward his/her prison sentence in this case. That time is computed as follows:

| Date In | Date Out | No. of Days | Location |
|---------|----------|-------------|----------|
| 10/20/22 [sic] | 10/20/25 | 1 | RCSO |
| 11/21/25 | 11/26/25 | 6 | RCSO |
| | Total Days | 7 | |

No comments or arguments were proffered by the appellant or his counsel regarding jail time credit during the hearing, and the record reflects no further information regarding jail time credit calculations was provided to the trial court.

{¶9} The appellant filed a timely appeal in which he sets forth the following sole assignment of error:

{¶10} "I. THE TRIAL COURT ERRED IN ONLY GRANTING 7 DAYS OF JAIL TIME CREDIT TO THE APPELLANT."

**STANDARD OF REVIEW**

{¶11} This Court reviews the trial court's determination as to the amount of jail time credit under the "clearly and convincingly" contrary-to-law standard. *State v. Perkins*, 2019-Ohio-2288, ¶12 (11th Dist.); R.C. 2953.08(G)(2). It is the appellant's burden to establish that the trial court has erred in its jail time credit calculation. *State v. Haworth*, 2020-Ohio-1341, ¶29 (11th Dist.).

## ANALYSIS

{¶12} "Criminal defendants have a right to jail-time credit." *State v. Thompson*, 2015-Ohio-3882, ¶21 (8th Dist.). R.C. 2967.191 addresses the reduction of a prison term for related days of confinement, and states:

(A) The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

(B) The reductions described in division (A) of this section shall be made to the following prison terms, as applicable:

(1) The definite prison term of a prisoner serving a definite prison term as a stated prison term;

(2) The minimum and maximum term of a prisoner serving a non-life felony indefinite prison term as a stated prison term;

(3) The minimum and maximum term or the parole eligibility date of a prisoner serving a term for which there is parole eligibility.

The issue of jail time credit was discussed by the court in *Haworth*, *supra*:

With respect to offenders serving concurrent sentences, Ohio Adm.Code 5120-2-04(F) states that "the department [of rehabilitation and correction] shall independently reduce each sentence or stated prison term for the number of days confined for that offense." By contrast, for offenders serving consecutive terms, jail-time credit is applied only once, to the total term. *Perkins* at ¶16, citing *Fugate* at ¶10, citing Ohio Adm.Code 5120-2-04(G).

The overall objective of the statutes and rules is to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held. *Id.* at ¶ 17, citing *Fugate* at ¶11.

Despite the above authorities, we are mindful of the fact that crediting time served can be complicated, especially when a defendant is charged with multiple crimes committed at different times. *Id.* at ¶18; *see State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶41.

On appeal, Mr. Haworth fails to identify with any specificity the trial court's error in calculating his jail-time credit. The burden is on Mr. Haworth

to establish the court erred in its jail-time award. (Citations omitted.) *State v. Corpening*, 2019-Ohio-4833, ¶27, 137 N.E.3d 116.

 A review of the record reveals that when the trial court revoked Mr. Haworth's community control and imposed a prison sentence at the January 2019 revocation hearing, the court credited Mr. Haworth for 140 days.

*Id.* at ¶¶ 26-30. The appellant herein argues simply that he was entitled to more than seven days of jail time credit. Just like Mr. Haworth, the appellant has failed to identify with any specificity the trial court's error in calculating the seven days of jail time credit he was awarded. Accordingly, he has failed to satisfy his burden to establish how the trial court erred in its jail time calculation, and/or what his jail time credit should have been.

Furthermore, the appellant is not entitled to jail time credit for time spent in jail on another offense unrelated to this case. As succinctly stated by the *Haworth* court:

 Mr. Haworth is not entitled to jail-time credit for the time spent facing separate and unrelated charges. *Perkins* at ¶38, citing *State v. Lane*, 11th Dist. Lake No. 2017-L-046, 2017-Ohio-9335, ¶17. As we stated in *Corpening*, "the reason for which a defendant is incarcerated is paramount in determining jail-time credit. This court has consistently held that 'jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced.'" (Citations omitted.) *Id.* at ¶25; *see also State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, ¶21, 124 N.E.3d 811 ("[A]n offender is only entitled to credit for time spent incarcerated on the offense for which he was convicted").

*Id.* at ¶32. Thus, the appellant is not entitled to jail time credit for any time he was incarcerated on the unrelated Marion County matter.

{¶13} We find that the appellant has failed to establish that the trial court erred in its jail time credit award, and find his sole assignment of error to be without merit.

## CONCLUSION

{¶14} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Richland County Court of Common Pleas is hereby affirmed.

{¶15} Costs to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Gormley, J. concur.